# EXHIBIT A

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
JEFFERSON COUNTY, GEORGIA

**22CV00072**

AUG 01, 2022 10:41 AM

Anne L. Durden, Clerk
Jefferson County, Georgia

IN THE SUPERIOR COURT OF JEFFERSON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHIRLEY THOMAS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SUMMIT FOOD SERVICE, LLC, | |
| Defendant. | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Shirley Thomas ("Plainiff" or "Thomas"), by and through undersigned counsel, and files this, her Complaint for Damages against Defendant Summit Food Service, LLC ("Defendant Summit" or "Summit") and respectfully shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief and damages for Defendant's violations of Plaintiff's rights pursuant to state law claims and Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), for subjecting her to wrongful and negligent sexual harassment and retaliation.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over Plaintiff's claims and over Defendant as it transacts business in the state of Georgia.

4.

Venue is appropriate as Defendant does business in Jefferson County and the tortious conduct occurred in Jefferson County.

## PARTIES

5.

Shirley Thomas is a female citizen of the State of Georgia who is authorized to bring actions of this kind and nature. All times relevant to this matter, Thomas was the joint employee of Defendant Summit and Jefferson County Prison. Thomas submits herself to the jurisdiction of this Court.

6.

Defendant Summit Food Service may be served on its registered agent for service of process at Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066.

7.

During the relevant time period, March 20, 2021 to July 9, 2021, Plaintiff was employed by Defendant.

8.

During all times relevant hereto, Defendant has been engaged in an industry affecting commerce.  During each week of 20 or more weeks of one or more of the years in which the conduct complained of herein occurred, as well as the preceding year, Defendant employed fifteen (15) or more employees.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PROCEDURES

9.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on October 27, 2021. Defendant received notice of the Charge and had an opportunity to participate in the investigation of the Charge.

10.

The EEOC issued a "Notice of Right to Sue" on May 3, 2022, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

3

11.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

12.

Thomas began working for Defendant on or about March 20, 2021, as a Kitchen Supervisor at Jefferson County Jail in Louisville, Georgia.

13.

While stationed at Jefferson County Jail, Thomas was subjected to comments of a sexual nature and inappropriate touching by an inmate, Charles Hunter, in the facility kitchen repeatedly.

14.

In or around May 2021, Hunter approached Thomas while she was in the pantry and grabbed Thomas' breast.

15.

Thomas asked one of the women in the office to remove Hunter from the kitchen.

16.

Thomas left a note for Patricia Gofphin, Summit employee and Thomas' supervisor, that Hunter was playing too much with her and that Gofphin needed to

4

speak with Hunter.

17.

In or around May 2021, Hunter walked behind Thomas while Thomas was over at the sink, grabbed her by the waist, pulled her body onto his body, pushed his entire body against hers, and said "You know how we are."

18.

Thomas pushed Hunter away from her, told him to get off the line, and told him that he had violated her.

19.

Hunter began apologizing.

20.

Thomas left another note describing the grabbing incident for Gofphin.

21.

When Thomas called Gofphin to make sure she received the note, Gofphin stated that she reported to Major Virginia Durden, one of the majors of the Jefferson County Jail.

22.

Durden informed Gofphin that Hunter stated that Thomas was enjoying it.

23.

Gofphin did nothing to protect Thomas from Hunter despite the report and

Hunter admitting the touching happened.

24.

Thomas told Gofphin, "If I was enjoying it, why would I report it to you?"
Thomas also told Gofphin that if they could not do anything about Hunter, she would
not be able to come into work.

25.

Gofphin did not respond to this but continued to allow Hunter in the kitchen
with Thomas despite Thomas' complaints.

26.

In June, Hunter came into the kitchen with his jumper unbuttoned, grabbed
his genitals over his jumper, and said "[he] could 'jack off' good thinking of you"
to Thomas. He also called Thomas a "hoe" that same month.

27.

Hunter told Thomas that "Pat ain't going to say too much to me" and that "As
long as the big dog [Gofphin] is here, I am always going to be in this kitchen."

28.

Thomas had to ask to have Hunter removed from the kitchen on three
different occasions.

29.

In July, Hunter brought two knives over to Thomas so she could lock them

6

back in the office. As Thomas walked toward the office with the knives, Hunter came up close behind her and demanded a soda. Thomas said no and turned back into the kitchen area to get away from Hunter.

30.

Hunter then grabbed Thomas's wrist (of the hand she was holding the knives in) and squeezed it hard. Thomas demanded that Hunter let go of her arm. Hunter then turned Thomas' arm around behind her back. Thomas screamed out in pain.

31.

Thomas sustained serious injuries to her arm requiring continued medical care.

32.

Thomas immediately reported the incident to Durden while still in the kitchen with Hunter and asked Durden if it was part of her job to have someone continue to put their hands on her.

33.

Durden asked Hunter in the kitchen, "Hunter, you hurt her arm?"

34.

While Hunter denied hurting her, Thomas insisted that he hurt her.

35.

Durden then stated, "You know you aren't supposed to be putting your

hands on her."

36.

Thomas went to the nurse for care and originally told the nurse that she had bumped her arm.

37.

Thomas then told the nurse that Hunter had hurt her.

38.

Durden, who was present for this, responded, "Oh I see where this is going. You going to go and get yourself some money."

39.

Thomas responded that Hunter had been touching her and putting his hands on her from the beginning and that all Durden was worried about was a lawyer.

40.

Durden responded if Thomas did hire a lawyer, she had something up her sleeves too.

41.

Once Thomas returned from the hospital, she alerted Gofphin that she could return to work but could not lift.

42.

Gofphin stated that she had to call somebody and she would be back in

touch.

### 43.

When Gofphin called Thomas back, she told Thomas that her clearance had been revoked and Durden did not want her to come back to work.

### 44.

Thomas called a supervisor at Summit, who was over Thomas and Gofphin, who told Thomas that Durden had said there were a lot of bad reports on her and that Durden did not want her to come back. The supervisor stated that they have to abide by what Durden says.

### 45.

Thomas has sustained physical and mental injuries as a result.

### 46.

Defendant fired Ms. Thomas in retaliation for her complaint.

### 47.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext.

### 48.

Others outside the Plaintiff's protected class, i.e., employees who had not complained of discrimination and retaliation but who were otherwise similarly situated in all relevant respects, were treated more favorably than Plaintiff.

## CLAIMS FOR RELIEF

## COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

49.

Plaintiff re-alleges paragraphs 12-48 as if set forth fully herein.

50.

Defendant's actions in subjecting Plaintiff to different and materially less favorable terms and conditions of employment on the basis of her sex constitutes unlawful discrimination on the basis of her sex in violation of Title VII.

51.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

52.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex.

53.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

54.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

55.

Plaintiff re-alleges paragraphs 12-48 as if set forth fully herein.

56.

Defendant's actions in permitting Plaintiff to be subjected to severe or pervasive and ongoing sexual harassment, despite her complaints, materially altered the terms and conditions of employment and constitutes unlawful discrimination on the basis of her gender/sex (woman/female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

57.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

58.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender/sex.

59.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

60.

Accordingly, Defendant is liable for the damages Plaintiff has sustained because of Defendant's unlawful harassment.

## COUNT III:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

61.

Plaintiff re-alleges paragraphs 12-48 as if set forth fully herein.

62.

Defendant's actions, as detailed above, in retaliating against Plaintiff because of her protected activity (complaining about the gender-based harassment and discrimination to management) constitutes unlawful intentional retaliation in violation of Title VII.

63.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was untertaken in bad faith.

64.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT IV: NEGLIGENT FAILURE TO PREVENT SEXUAL HARASSMENT

65.

Plaintiff re-alleges paragraphs 12-48 as if set forth fully herein.

66.

Defendant had a duty to Shirley Thomas to prevent sexual harassment in the workplace.

67.

By virtue of the aforementioned conduct by Charles Hunter and the failure of Jefferson County and Summit Food Service to prevent sexual harassment, Jefferson County and Summit Food Service failed to use ordinary care to prevent sexual harassment in the workplace, causing Plaintiff to be sexually harassed.

68.

The conduct of Defendant was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

13

69.

Defendant is thus liable to Plaintiff for damages to her peace, happiness and feelings sustained as a result.

## COUNT V: NEGLIGENT AND WRONGFUL HIRING, RETENTION AND SUPERVISION

70.

Plaintiff re-alleges paragraphs 12-48 as if set forth fully herein.

71.

Defendant knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees to engage in sexually offensive conduct toward other employees, and Shirley Thomas in particular.

72.

Defendant nevertheless failed and refused to act to protect Shirley Thomas.

73.

Defendant is thus liable to Shirley Thomas for all of the damages sustained as a result.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74.

Plaintiff re-alleges paragraphs 12-48 as if set forth fully herein.

75.

Defendant's conduct in retaliating against Plaintiff was extreme and outrageous.

76.

Defendant intended to inflict severe emotional distress or knew that it was a high probability that the conduct would do so.

77.

Defendant's conduct actually caused severe emotional distress.

78.

Defendant is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

## COUNT VII:  ASSUMPTION OF DUTY

79.

Plaintiff re-alleges paragraphs 12-48 as if set forth fully herein.

80.

Defendant has voluntarily assumed and undertaken the duty to prevent and eliminate sexual harassment in the workplace.  Therefore, Defendant has a legal duty to prevent and eliminate sexual harassment in the workplace in a non-negligent manner.

81.

The employer is in the best position to end sexual harassment in its workplace.

82.

By implementing and enforcing a sexual harassment policy and disciplining employees for violations of the policy, sexual harassment is preventable.

83.

Employees depend on a working environment free from acts of sexual harassment and battery.

84.

Defendant has voluntarily assumed a duty to investigate and remedy complaints of sexual harassment.

85.

Defendant delegated authority to supervisors over employees.

86.

Sexual harassment should not be a risk of employment.

87.

Sexual harassment is socially harmful behavior.

88.

Plaintiff suffered harm due to her reliance on Defendant to prevent sexual harassment.

89.

Plaintiff relied to her detriment on the fact that Defendant undertook the duty to prevent sexual harassment.

90.

Defendant's failure to exercise reasonable care increased the risk of harm to Plaintiff and other employees.

91.

Defendant's failure to exercise reasonable care caused the Plaintiff to suffer harm from the sexual harassment.

## COUNT VIII:  PUNITIVE DAMAGES, O.C.G.A. § 51-12-5.1

92.

Plaintiff re-alleges paragraphs 12-48 as if set forth fully herein.

93.

The foregoing acts of Defendant were intentional, were intended to cause harm, and to humiliate Plaintiff, and evidence a conscious disregard for the rights of Plaintiff, and demonstrate a specific intent to cause harm.  Thomas is entitled to recover from Defendant, in addition to compensatory damages, an award of punitive damages under the law of Georgia to punish Defendant, or to deter from repeating such wrongful acts.

## COUNT XIII:  ATTORNEYS' FEES AND EXPENSES
## OF LITIGATION, O.C.G.A. § 13-6-11

94.

Plaintiff references paragraphs 12-48 as if set forth fully herein.

95.

Defendant acted in bad faith in engaging in intentionally tortious misconduct, have been stubbornly litigious, and/or caused Thomas unnecessary trouble and expense in litigating this case, and Thomas is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)      General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)      Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)      Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)      Reasonable attorney's fees and expenses of litigation;

(e)      Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated

Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant from further unlawful conduct of the type

described herein; and

(i)        All other relief to which she may be entitled.

Respectfully submitted this 1st day of August, 2022.

**BARRETT & FARAHANY**

*/s/ Grace A. Starling*
Grace A. Starling
Georgia Bar No. 464958

*Attorney for Plaintiff Shirley Thomas*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
grace@justiceatwork.com

OCT 0 4 2022

# EXHIBIT B



**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

SUMMIT FOOD SERVICE, LLC                                                    10/05/2022
Angela Anderson
Elior, Inc.
300 South Tryon Street, Suite 400
Charlotte NC 28202

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | SUMMIT FOOD SERVICE, LLC |
| 2. | **Title of Action:** | Shirley Thomas vs.  Summit Food Service, LLC |
| 3. | **Document(s) Served:** | Sheriff's Entry of Service<br>Summons<br>Complaint for Damages |
| 4. | **Court/Agency:** | Jefferson County Superior Court |
| 5. | **State Served:** | Georgia |
| 6. | **Case Number:** | 22CV00072 |
| 7. | **Case Type:** | Gender Discrimination in Violation of Title VII of The Civil Rights Act of 1964, as Amended |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 10/04/2022 |
| 10. | **Date to Client:** | Wednesday 10/05/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 11/03/2022      CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Barrett & Farahany<br>Atlanta, GA<br>404-214-0120 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 111 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

Item: 2022-486

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____ 22CV00072 _____

Date Filed _____ 08/03/22 03:13 PM _____

Attorney's Address    **Starling, Grace**
**Barrett & Farahany**
**PO BOX 530092**
**Atlanta, GEORGIA 30353-0092**

Name and Address of Party to be Served.
**Summit Food Service, LLC**

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, _____ **JEFFERSON** _____ COUNTY

THOMAS, SHIRLEY
_____

_____
Plaintiff

VS.

Summit Food Service, LLC
_____

_____
Defendant

_____

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant_____ by leaving a
☐ copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant Summit Food Service, LLC _____ a corporation
☐ by leaving a copy of the within action and summons with Anna Mora _____ Corporate
in charge of the office and place of doing business of said Corporation in the County. Creations Network

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
☐ door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This 4 day of OCTOBER , 20 22 _____ 341 / 02072
_____
Deputy

## SUPERIOR COURT OF JEFFERSON COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
JEFFERSON COUNTY, GEORGIA

**22CV00072**

**AUG 01, 2022 10:41 AM**

*anne L. Durden*
Anne L. Durden, Clerk
Jefferson County, Georgia

CIVIL ACTION NUMBER  22CV00072

Thomas, Shirley

**PLAINTIFF**

**VS.**

Summit Food Service, LLC

**DEFENDANT**

### SUMMONS

TO: SUMMIT FOOD SERVICE, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Grace Starling**
> **Barrett & Farahany**
> **PO BOX 530092**
> **Atlanta, Georgia 30353-0092**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 1st day of August, 2022.**

Clerk of Superior Court

*anne L. Durden*
Anne L. Durden, Clerk
Jefferson County, Georgia

# EXHIBIT C

**IN THE SUPERIOR COURT OF JEFFERSON COUNTY**
**STATE OF GEORGIA**

SHIRLEY THOMAS                          )
                                        )
     Plaintiff,                   )
                                        )
v.                                      )        CIVIL ACTION NO.
                                        )        <u>22CV00072</u>
SUMMIT FOOD SERVICE, LLC,               )
                                        )
     Defendant.                   )

<u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

TO:   Grace A. Starling
       BARRETT & FARAHANY
       P.O. Box 530092
       404-214-0120
       grace@justiceatwork.com
       Attorney for Plaintiff

PLEASE TAKE NOTICE that the Defendant in the above-styled action have

on this date filed its Notice of Removal in the office of the Clerk of the United States

District Court for the Southern District of Georgia, a copy of which is attached hereto

as Exhibit "A".

Respectfully submitted this 3rd day of November, 2022.

                     **JACKSON LEWIS P.C.**

                     <u>*/s/ Tracie Johnson Maurer*</u>
                     Tracie Johnson Maurer
                     Georgia Bar No. 395670
                     Timothy M. Boughey
                     Georgia Bar No. 832112
                     171 17th Street, N.W.

Suite 1200
Atlanta, Georgia 30363
T: (404) 525-8200
Tracie.Maurer@jacksonlewis.com
Timothy.Boughey@jacksonlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing **NOTICE OF FILING OF NOTICE OF REMOVAL** with the Clerk of Court using the *Odyssey e-File* system, which will send notification of such filing to the following attorneys of record:

Grace A. Starling
BARRETT & FARAHANY
P.O. Box 530092
404-214-0120
grace@justiceatwork.com
***Attorney for Plaintiff***

Respectfully submitted this 3rd day of November, 2022.

**JACKSON LEWIS P.C.**

*/s/ Tracie Johnson Maurer*
Tracie Johnson Maurer
Georgia Bar No. 395670
Timothy M. Boughey
Georgia Bar No. 832112
171 17th Street, N.W.
Suite 1200
Atlanta, Georgia 30363
T: (404) 525-8200
Tracie.Maurer@jacksonlewis.com
Timothy.Boughey@jacksonlewis.com

# EXHIBIT D

**IN THE SUPERIOR COURT OF JEFFERSON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| SHIRLEY THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 22CV00072 |
| SUMMIT FOOD SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

TO:    Anne L. Durden
       Clerk of Jefferson County Superior Court
       P.O. Box 151
       Louisville, GA 30434

PLEASE TAKE NOTICE that the Defendants in the above-styled action have

on this date filed its Notice of Removal in the office of the Clerk of the United States

District Court for the Southern District of Georgia, a copy of which is attached hereto

as Exhibit "A".

Respectfully submitted this 3rd day of November, 2022.

                              **JACKSON LEWIS P.C.**

                              */s/ Tracie Johnson Maurer*
                              Tracie Johnson Maurer
                              Georgia Bar No. 395670
                              Timothy M. Boughey
                              Georgia Bar No. 832112
                              171 17th Street, N.W.
                              Suite 1200
                              Atlanta, Georgia 30363

T: (404) 525-8200
Tracie.Maurer@jacksonlewis.com
Timothy.Boughey@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing **NOTICE OF FILING OF NOTICE OF REMOVAL** with the Clerk of Court using the *Odyssey e-File* system, which will send notification of such filing to the following attorneys of record:

Grace A. Starling
BARRETT & FARAHANY
P.O. Box 530092
404-214-0120
grace@justiceatwork.com
*Attorney for Plaintiff*

Respectfully submitted this 3rd day of November, 2022.

**JACKSON LEWIS P.C.**

/s/ Timothy M. Boughey
Timothy M. Boughey
Georgia Bar No. 832112
171 17th Street, N.W.
Suite 1200
Atlanta, Georgia 30363
T: (404) 525-8200
Timothy.Boughey@jacksonlewis.com